United States District Court
Southern District of Texas
**ENTERED**
August 05, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| FRANKLIN ALEJANDRO YSEA DIAZ, | § | |
| | § | |
| Petitioner, | § | CIVIL ACTION NO. H-26-5499 |
| | § | |
| vs. | § | |
| | § | |
| WARDEN, Joe Corley Processing Center, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM ON DISMISSAL

The petitioner, Franklin Alejandro Ysea Diaz, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) officials at the Joe Corley Processing Center. Representing himself, he has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his continued detention. (Docket Entry No. 1). The government has responded by filing a motion for summary judgment, arguing that the habeas petition should be dismissed because Ysea Diaz is subject to a final order of removal. (Docket Entry No. 5). The government asserts that on June 4, 2026, Ysea Diaz, a citizen of Venezuela, was ordered removed from the United States by an immigration judge and that the order is administratively final. (*Id.* at 2, 4; *see also Automated Case Information*, Executive Office for Immigration Review, https://acis.eoir.justice.gov/en (last visited Aug. 4, 2026)).[1] The government asserts that it intends to remove Ysea Diaz "at the earliest opportunity and has been taking action to facilitate removal." (Docket Entry No. 5 at 2).

---

[1] Publicly available information related to the petitioner's immigration proceedings may be found by searching for the petitioner by the petitioner's A-number and nationality at the Executive Office for Immigration Review's website, available at https://acis.eoir.justice.gov/en (last visited Aug. 4, 2026).

Because Ysea Diaz is subject to a final order of removal, he is no longer detained under 8 U.S.C. § 1225 and is instead now detained under 8 U.S.C. § 1231(a). *See Ruiz Carrillo v. Frink*, Civ. Action No. H-26-0914, 2026 WL 1067568, at *1 (S.D. Tex. Apr. 20, 2026); *Iunusali Muminov v. Warden, FCI Lewisburg*, No. 3:26-cv-911, 2026 WL 1104371, at *2 (M.D. Pa. Apr. 23, 2026); *Vargas Chacon*, No. 26-cv-00119, 2026 WL 1048383, at *2 (D.N.J. Apr. 17, 2026); *cf. Ibrahimi v. Bondi*, No. SA-25-CA-00768-XR, 2026 WL 915703, at *2 (W.D. Tex. Mar. 27, 2026).

Under § 1231(a), "when an alien is ordered removed, the Attorney General is directed to complete removal within a period of 90 days, and the alien must be detained during that period." *Jennings v. Rodriguez*, 583 U.S. 281, 298 (2018) (citations omitted). Under *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), detention pursuant to § 1231(a) only becomes presumptively unreasonable after approximately six months. After that six-month period, "once the alien provides a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* Because Ysea Diaz's detention is now governed by § 1231 and because the petitioner is within the 90 days for post-removal detention provided for by the statute, the court **dismisses** the petition, without prejudice. To the extent the respondents' motion for summary judgment argues that the habeas petition should be denied without prejudice because Ysea Diaz is subject to a final order of removal and he is within the 90 days for post-removal detention provided for by the statute, the motion (Docket Entry No. 5) is **granted** in part.

SIGNED on August 5, 2026, at Houston, Texas.

Lee H. Rosenthal
Senior United States District Judge